UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUSTIN DANIEL REDDIC,<br>Defendant. | Case No. 4:16-cr-00539-JD-1<br><br>**ORDER RE "CRIMES OF VIOLENCE" DETERMINATION**<br><br>Re: Dkt. Nos. 40, 41 |

Defendant Justin Reddic pled guilty to felon possession of a firearm and ammunition in violation of 18 U.S.C. Section 922(g)(1). Dkt. No. 36. At sentencing, the issue arose of whether Reddic's prior convictions in California for battery with substantial bodily injury, Cal. Penal Code § 243(d), and robbery, Cal. Penal Code § 211, should be used to set the base offense level under Section 2K2.1(a)(2) because they qualify as "crimes of violence" under U.S.S.G. Sections 4B1.2(a)(1) or (2). Dkt. Nos. 40, 41. The Court declined to apply Section 2K2.1(a)(2) at the sentencing, and this order provides a fuller explanation of why.

Under Section 4B1.2(a)(1), a state conviction is a crime of violence when it has as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Supreme Court held in the context of the Armed Career Criminal Act that "physical force" means "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). This construction applies here. *United States v. Robinson*, 869 F.3d 933, 936 n.5 (9th Cir. 2017) (ACCA's definition is identical to Guidelines' definition).

Under Section 4B1.2(a)(2), a state conviction is a crime of violence if it is one of the following enumerated offenses: "murder, voluntary manslaughter, kidnapping, aggravated assault,

a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a)(2).

Sections 4B1.2(a)(1) and 4B1.2(a)(2) require courts to "determine whether conduct proscribed by the statute [of conviction] is broader than the generic federal definition. If the statute of conviction sweeps more broadly than the generic crime, a conviction under that law cannot count as a qualifying predicate, even if the defendant actually committed the offense in its generic form." *United States v. Simmons*, 782 F.3d 510, 513 (9th Cir. 2015) (internal quote and cite omitted). State law plays an essential role, and the analysis looks to "both the text of the state statute and the state courts' interpretations of the statute's terms." *United States v. Strickland*, 860 F.3d 1224, 1226 (9th Cir. 2017) (internal cites and quotes omitted); *see also Johnson*, 559 U.S. at 138 (federal courts bound by state courts' interpretations); *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) (same).

Section 243(d) states in its entirety, "When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." Cal. Penal Code § 243(d). Battery is not an enumerated offense under 4B1.2(a)(2), so the analysis turns on 4B1.2(a)(1).

Section 243(d) does not specify any required level of force. Consistent with that statutory text, California courts unequivocally state that Section 243(d) "is a simple battery which results in serious bodily injury. . . . no matter what means or force was used." *People v. Mansfield*, 200 Cal. App. 3d 82, 88 (Cal. Ct. App. 1988); *People v. Hopkins*, 78 Cal. App. 3d 316, 320-21 (Cal. Ct. App. 1978). In other words, Section 243(d) does not require an element of force beyond "the least touching." *Mansfield*, 200 Cal. App. 3d at 88. Consequently, Section 243(d), like California simple battery, is not a crime of violence under the Guidelines because it requires "neither a force capable of hurting or causing injury nor violence in the usual sense of the term." *Ortega-Mendez*, 450 F.3d at 1016 (California simple battery not a crime of violence for purposes of deportability).

Another district court in our circuit arguably reached a different conclusion. In *United States v. Moss*, No. 13-cr-211-YGR, 2016 WL 6514170 (N.D. Cal. 2016), the court found that Section 243(d) was a crime of violence for sentencing purposes because the defendant had "offered only unrealistic, hypothetical scenarios in which an individual could cause substantial bodily injury to another through touching that does not involve violent force." *Id.* at *5. It is true that categorical analysis "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). But defendants may satisfy this burden "by showing that the text of the state statute expressly includes a broader range of conduct than the Guideline." *United States v. Becerril-Lopez*, 541 F.3d 881, 890 (9th Cir. 2008). Here, Reddic has pointed to several California state court decisions clearly stating that Section 243(d) criminalizes even the least touching, so long as that contact leads to substantial bodily injury. Those cases almost seem to anticipate *Moss* by noting that "serious injury resulting from a simple offensive touching may not be likely," but they uniformly hold that that is precisely the circumstance Section 243(d) is intended to address. *Mansfield*, 200 Cal. App. 3d at 88 (and cases cited therein).

Section 211, the basis of Reddic's robbery conviction, criminalizes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. "Fear" includes "fear of an unlawful injury to the . . . property of the person robbed." Cal. Penal Code § 212.

Because California robbery includes takings accomplished by threats to property, it is not a crime of violence under 4B1.2(a)(1). Nor is California robbery an enumerated generic offense under 4B1.2(a)(2). *United States v. Watson*, No. 16-cr-470-JD; *United States v. Nickles*, 249 F. Supp. 3d 1162, 1164 (N.D. Cal. 2017). Threats to property are covered neither by generic robbery, nor by generic extortion as of August 1, 2016 amendments to the Sentencing Guidelines. *Becerril-Lopez*, 541 F.3d at 891 (generic robbery); U.S.S.G. § 4B1.2 app. n.1; U.S.S.G. App. C, Amendment 798 at p. 131 (defining generic extortion for the first time).

Consequently, neither a conviction under California Penal Code Section 211, nor a conviction under California Penal Code Section 243(d), is a "crime of violence." Reddic's convictions under those statutes will not be considered for purposes of Section 2K2.1.

**IT IS SO ORDERED.**

Dated: October 27, 2017

JAMES DONATO
United States District Judge